UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JENNIFER MILES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:05CV01966 AGF |
| ) | |
| BELLEFONTAINE HABILITATION ) | |
| CENTER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion for appointment of counsel. Plaintiff commenced this employment discrimination action against Defendant pro se. There is no constitutional right for a pro se plaintiff to have counsel appointed in a civil case, although a district court has discretion to appoint an attorney to handle such a case when necessary.  In re Lane, 801 F.2d 1040, 1043-44 (8th Cir. 1986).  Among the factors a court should consider in making this determination are the factual complexity of the case; the ability of the plaintiff to investigate the facts and present his claim; the complexity of the legal issues; and to what degree the plaintiff and the court would benefit from such an appointment.  Id.

The Eighth Circuit has identified three additional factors relevant to the appointment of counsel in an employment discrimination case: "(1) the plaintiff's financial resources, (2) the plaintiff's efforts to secure counsel, and (3) the merits of the

discrimination claim." <u>Slaughter v. City of Maplewood</u>, 731 F.2d 587, 590 (8th Cir. 1984).

Upon review of the file, the Court finds that the appointment of counsel is unwarranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED without prejudice**.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of November, 2005.